HON. YOUNG J. POPE, CHIEF JUSTICE.
HON. EUGENE B. GARY, ASSOCIATE JUSTICE.
HON. IRA B. JONES, ASSOCIATE JUSTICE.
HON. C. A. WOODS, ASSOCIATE JUSTICE.

## EX PARTE CONRAD.

1. ADMINISTRATORS—PLEADINGS.—PROBATE COURT may admit proof that a decedent owned property within his jurisdiction at his death without such allegation in petition for administration.

2. IBID.—PROBATE COURT—ACTIONS—TORT.—One having a suit for damages pending at the death of defendant is such a creditor as may petition for letters of administration upon the estate of defendant; and whether such action abated with the death of defendant, or whether it was one in tort are not questions for adjudication by probate court in granting letters of administration, but for Court of Common Pleas in trial of original suit.

Before WATTS, J., March, 1904, and PURDY, J., August, 1905, Chester.   Affirmed.

1—75

Petition by R. E. Conrad for administration upon estate of Nancy Caldwell. From Circuit orders affirming decrees of probate court, M. J. McCandless and Nancy Caldwell, heirs at law of deceased, appeal.

*Messrs. Henry & McClure,* for appellants, cite: *Petition must allege that decedent owned property to give probate court jurisdiction to grant administration:* Code of Proc., 64; 11 Rich., 575. *The action against decedent being for breach of contract to cultivate lands is in tort and abates with death of defendant:* 35 S. C., 475; 54 S. C., 498; 62 S. C., 222; 71 S. C., 385; 76 S. C., 373; 40 S. C., 398; 1 Bay., 58.

*Mr. A. L. Gaston,* contra, cites: *Generally the right of action survives in actions ex contractu:* 55 S. C., 292; 40 S. C., 397; 20 S. C., 477; Riley, 285; Act 1905, 155. *But if estate of wrong-doer is benefited an action in tort survives:* 2 Brev., 28; 12 Rich., 284; 1 Bail., 20; 1 Bay., 58; 1 Cyc., 47; 40 S. C., 397. *How breach of contract may arise:* 7 Ency., 2 ed., 149, 152; 152 Ill., 69; 9 Cyc., 690, 700, 749. *Petitioner is creditor and entitled to administer:* 11 Ency., 2 ed., 773. *Probate court had jurisdiction under allegations of petition:* 60 S. C., 409; Code 1902, 2512, 2489; Code of Proc., 39; 69 S. C., 271; 11 Ency., 2 ed., 763; Cros. Exrs. and Admr., 123, 126.

July 24, 1906. The opinion of the Court was delivered by

Mr. Chief Justice Pope. Mrs. Nancy Caldwell died in Chester County, S. C., on the 18th of March, 1904, and on the 7th of October, 1904, the following petition for letters of administration of all and singular the goods and chattels, rights and credits which were of the said Nancy Caldwell, deceased, in her lifetime, was presented by R. E. Conrad, addressed to J. B. Westbrook, Esquire, judge of probate for said county of Chester, S. C. The language of the petition was as follows:

"Your petitioner, R. E. Conrad, would respectfully show that Mrs. Nancy Caldwell, late of said county and State, departed this life on ————, 1904, intestate, and that your petitioner is a creditor of said intestate and now has a lawsuit pending against said intestate for the sum of six hundred dollars, and your petitioner does not know what personalty or realty said intestate died seized and possessed of. Wherefore, your petitioner prays that letters of administration be granted unto him on the estate of said Nancy Caldwell, deceased, and your petitioner will every pray, etc."

Thereupon the probate judge published his citation, calling upon all the kindred and creditors of said deceased to appear and show cause, on October 22d, 1904, why said petition should not be granted.

Pursuant to said citation, Mrs. M. J. McCandless and Miss Nancy Caldwell, the next of kin and sole heirs at law of the said Mrs. Nancy Caldwell, deceased, appeared and demurred to said petition, claiming that the probate court was without jurisdiction, because it did not appear from said petition that the said deceased left any property for the probate court to administer. The probate judge thereupon made his decision that he had jurisdiction, could allow proof outside of such petition that said deceased left personalty, and adjourned the hearing of the case until October 25th, 1904, to permit the introduction of such testimony.

Before such hearing was had, Nancy Caldwell and M. J. McCandless gave notice of appeal to the Court of Common Pleas from the verbal order of the probate court, overruling appellant's demurrer to the petition herein, that the probate court was without jurisdiction because the petition did not show that the said deceased left any personal estate whatsoever for the probate court to administer. The petitioner filed affidavits at the time going to show that Nancy Caldwell, deceased, died seized and possessed of personal property of the value of $500 or more, situate in Chester County, in said State. The report of J. B. Westbrook set forth the foregoing facts, with a claim of jurisdiction of the persons

and subject matter. The appeal came on to be heard before Judge R. C. Watts, on March 11th, 1904, who filed an order dismissing said appeal and affirming the judgment of the probate court. From this order no notice of appeal was served.

At the hearing before the probate judge the defendants further opposed the granting of letters of administration to petitioner, as shown by the decree of J. B. Westbrook, Esq., which is as follows:

"The petitioner, R. E. Conrad, duly filed a petition on the 7th of October, 1904, for letters of administration upon the estate of Mrs. Nancy Caldwell, deceased, claiming that he was a creditor of said estate. Miss Nancy Caldwell and Mrs. M. J. McCandless, daughters of the deceased, appeared by attorney and resisted the granting of letters of administration. These parties have stated in open Court their intention to avail themselves of their rights under the statute and take out letters of administration upon this estate, in the event that it should be decreed that an administration was necessary. The grounds for resisting a granting by the Court of letters of administration are twofold. First, because the assets of the estate were insufficient to warrant an administration and had already been paid out, so that there was nothing applicable to the claim of the petitioner. Second, that the petitioner was not entitled to administer since his claim against the estate was not such a claim as survived the death of the intestate.

"It is my opinion that an administration upon this estate is necessary, it being undisputed that there were some assets at the time of the death of the intestate within the jurisdiction of the court. There is no proof that the assets mentioned in the petition herein are all of the estate. Certain it is that this petitioner is entitled to an order of this Court for letters of administration, in order that such assets as exist may be preserved and held in hand until a final determination of his claim against the estate. To hold otherwise would amount to deciding that the distribution of these

assets by any party, acting in his own wrong, would debar the granting of letters of administration. I am satisfied that petitioner is a creditor of the estate in the sense in which the term is used in the statute, and that in the absence of an application by the next of kin that letters of administration should be granted to the petitioner.

"It is, therefore, ordered, adjudged and decreed, that letters of administration do issue upon the estate of Mrs. Nancy Caldwell, deceased, and that said letters be granted to the petitioner herein upon the filing by him of an administration bond in the sum of $500, unless Miss Nancy Caldwell and Mrs. M. J. McCandless, either or both, as next of kin to the deceased, do within thirty days next hereafter, or within thirty days after the final determination of an appeal to the Circuit or Supreme Court herefrom, apply at the foot of this decree for letters of administration and do file an administration bond in the sum of $500, with sureties as required by law."

An appeal was taken from this decretal order of the judge of probate, which was heard by Judge R. O. Purdy, who made the following decree:

"Under the allegations of the complaint herein, if these allegations should be established, R. E. Conrad, the plaintiff, would have a claim on the assets of the estate of Mrs. Nancy Caldwell, and is a creditor in the sense as used in the statute. The action is not abated by the death of Mrs. Caldwell. The probate judge should be sustained. The exceptions to this judgment are overruled and his judgment sustained."

Thereupon an appeal was taken to this Court upon the following grounds:

I. "Because his Honor, Judge Watts, erred in overruling contestant's demurrer to the petition filed herein, the same not showing that deceased left any personal property whatever." Judge Watts did not commit error in overruling the demurrer in question. It was in no sense a final order of the probate court, and besides the decision was oral. Let this exception be overruled.

II. "Because his Honor, Judge Watts, erred in not holding that the probate court was without jurisdiction because the petition did not show that the deceased left some property, however small." Notice by citation was served by the probate court for the hearing of the application for administration by R. E. Conrad, and it was perfectly legitimate to show that the deceased had left a personal estate of over $500. To circumvent creditors it was not in the power of Mrs. McCandless and Miss Nancy Caldwell, without any authority in law, to attempt to dispose of the property of Nancy Caldwell, deceased, and thereby prevent any claims of creditors against such personal property. This exception is overruled.

III. "Because his Honor, Judge Purdy, erred in holding that under the allegations of the complaint in Conrad v. Caldwell, R. E. Conrad is a creditor of the estate of Mrs. Nancy Caldwell." Judge Purdy did not err in holding that R. E. Conrad was entitled to present his claim, as a creditor, against the estate of Mrs. Nancy Caldwell, deceased. But the consideration of this matter is premature. This exception is overruled.

IV. "Because his Honor, Judge Purdy, erred in holding that said action is not abated by the death of Mrs. Caldwell." The matter complained of in this exception will more properly come up for consideration when the Court of Common Pleas shall act upon it in its original jurisdiction. This exception is overruled.

V. "Because his Honor, Judge Purdy, erred in not holding that the complaint in the cause of Conrad v. Caldwell set up in the action a tort which died with the alleged wrongdoer." Judge Purdy did not err in refusing to hold that the cause of Conrad v. Caldwell was an action for tort which died with the alleged wrong-doer, for neither he nor the probate judge had anything to do with the said action of Conrad v. Caldwell. That action can only be considered in the Court of Common Pleas except to show that Conrad had

a claim against the estate of Mrs. Caldwell, deceased, as a creditor thereof. This exception is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed and all matters be certified by the Circuit Court to the probate court of Chester County.